**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:16-cr-116** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **DAMARCO T. COLEMAN,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter is before this Court on Defendant Damarco T. Coleman's Motion for Hearing (ECF No. 81) and his Motion to Dismiss Supervised Release Revocation Petition ("Motion to Dismiss") (ECF No. 83). For the following reasons, Mr. Coleman's Motion for Hearing is **GRANTED** and the Motion to Dismiss is **DENIED**. This Court will hold Mr. Coleman's Final Supervised Release Revocation Hearing on **February 7, 2025, at 11:00 a.m.**

## I.  BACKGROUND

Mr. Coleman pled guilty to Possession of a Firearm By a Convicted Felon in violation of Title 18 U.S.C. §§ 922(g)(1). (ECF No. 36 at 1). On October 27, 2016, this Court sentenced him to eighteen (18) months of imprisonment and three (3) years of supervised release. (ECF No. 36 at 2–3). On November 13, 2020, this Court found that Coleman violated the terms of his supervised release, revoked it, and sentenced him to time served and a new term of supervised release for three (3) years. (ECF No. 66).

Mr. Coleman's latest period of supervised release was scheduled to terminate on November 12, 2023. (ECF No. 71 at 4). On November 7, 2023, however, the probation officer filed a petition to revoke Coleman's supervised release, asserting that he violated a mandatory condition of his

1

federal supervision prohibiting him from "commit[ting] another federal, state, or local crime." (ECF No. 71). The petition alleged that Coleman's violation was in connection with three indictments for twenty new felony offenses pending in the Franklin County Court of Commons Pleas (the "Franklin County court"): Case No. 23CR005444 (including aggravated possession of drugs arising from an April 4, 2023 traffic stop); Case No. 23CR005441(including trafficking in and possession of a fentanyl-related compound and cocaine and improper handling of a firearm in a motor vehicle arising from a September 22, 2023 traffic stop); and Case No. 23CR005354 (including tampering with evidence and trafficking in and possession of a fentanyl-related compound and cocaine arising from a residential search warrant executed on September 30, 2023). (*Id*.; ECF No. 82 at 1).

This Court issued an arrest warrant in connection with the revocation petition and, on or about August 30, 2024, Coleman was arrested accordingly. (ECF No. 81 at 2; ECF No. 81 at 2). He appeared for proceedings before the magistrate judge on October 2, 2024, during which Mr. Coleman waived his rights to a preliminary hearing on the supervised release violations. (ECF No. 76). The magistrate judge found there were no conditions of release that would reasonably assure Mr. Coleman's appearance and the safety of the community, so he was remanded to the United States Marshal Service pending the final revocation hearing before this Court. (*Id*.). Mr. Coleman claimed he posted bail in the Franklin County court cases and has been held in custody solely in connection with the revocation petition. (ECF No. 81 at 3).

On October 9, 2024, Coleman appeared before this Court for a Final Supervised Release Revocation Hearing. (ECF No. 80; ECF No. 81 at 2). During the hearing, Coleman denied the violations of his supervised release and requested a "time served" disposition. (ECF No. 81 at 2). The Government raised the issue of Mr. Coleman's relevant cases pending in the Franklin County

court and stated the trial was set to begin on October 30, 2024. (*Id.*; ECF No. 82 at 2). This Court denied Mr. Coleman's requests and continued the hearing until the pending Franklin County court cases were resolved. (ECF No. 80). This Court also denied Mr. Coleman's request for release pending a new hearing. (ECF No. 81 at 2.).

The October 30, 2024, trial date "did not go forward as planned" and there is no new trial date. (ECF No. 82 at 3). In his Motion for Hearing, Mr. Coleman requested this Court schedule the final revocation hearing. (ECF No. 81). Coleman argued that, due to the improbability of the state proceedings concluding in a timely manner, this Court should reschedule the final hearing on the revocation petition. (ECF No. 81 at 3–4). He reasoned that "it is highly unlikely that the [Franklin County] court indictments will be resolved anytime in the foreseeable future. 'Trial dates' are aspirational goals in that system." (*Id.*). Coleman argued that his situation was "complicated by his placement in the Butler County Jail, which is about 100 miles away from Columbus. It is doubtful that the Franklin County authorities are willing to invest the time and resources for the sheriff to bring him to the courthouse over that distance." (*Id.*).

The Government opposed Coleman's request and asked that this Court hold the Motion for Hearing in abeyance until the trial date in Mr. Coleman's pending cases is scheduled. (ECF No. 82 at 4). The Government reported that the Franklin County court intended to move forward in the near future with a "firm trial date" and the date will be set for Coleman "probably after the first of the year." (*Id.* at 3).

Coleman also filed a Motion to Dismiss requesting this Court dismiss the petition to revoke his supervised release due to unreasonable delay in holding a final hearing. (ECF No. 83). He urged dismissal, pursuant to Fed. R. Crim. P. 32.1(b)(2), because more than one year has passed since the filing of the petition to revoke Coleman's supervised release and a delay exceeding one

3

year is "presumptively unreasonable". (*Id*. at 2). Coleman stated the delay has prejudiced him by eliminating his opportunities to have: (1) any imposed term in this case served concurrently with the term imposed by the Ohio Adult Parole Authority for a violation of his post-release control supervision; and (2) any time spent in local custody under the federal detention order credited against any future state prison term for the unadjudicated state felony charges. (*Id*.) The Government responded in opposition and indicated that the relevant Franklin County court cases are set to start trial on January 21, 2025. (ECF No. 84).

## II. STANDARD OF REVIEW

Individuals facing supervised release revocation are entitled to a timely supervised release revocation hearing pursuant to Fed. R. Crim. P. 32.1(b)(2)(A)–(E). *United States v. Coates*, No. 2:06-CR-264-ALM, 2022 WL 2651668, at *3 (S.D. Ohio July 8, 2022) (citing *Morrissey v. Brewer*, 408 U.S. 471, 485 (1972)). Rule 32.1 explicitly provides that, unless waived, a final revocation hearing must be held "within a reasonable time in the district having jurisdiction." Fed. R. Crim. P. 32.1(b)(2). While the Rule does not define what constitutes a reasonable time, the Sixth Circuit held that "a 'defendant's due process concerns' over delayed revocation proceedings 'come into play only when the delay has prejudiced the defendant's ability to contest the validity of the revocation.'" *United States v. Ivy*, 678 Fed. Appx. 369, 374 (6th Cir. 2017) (quoting *United States v. Throneburg*, 87 F.3d 851, 853 (6th Cir. 1996)). An individual alleged to have violated supervised release is not held to have lost her liberty until she is taken into custody on the warrant underpinning the alleged supervised release violation. *Id*. at 373.

The Sixth Circuit has not spoken directly on the appropriateness of waiting for a defendant's state court charges to be adjudicated before moving forward with a revocation hearing. *Coates*, 2022 WL 2651668 at *3. The Third Circuit, however, has held that such a delay can be

reasonable as the adjudication of those charges "might be relevant in the revocation proceeding." *United States v. Poellnitz*, 372 F.3d 562 (3d Cir. 2004) (finding a nearly two-year delay between filing of revocation petition and occurrence of revocation hearing due to adjudication of state court charges was not unreasonable). The First Circuit has similarly recognized that this delay may be reasonable but has noted that "a district court cannot leave an offender in limbo indefinitely while waiting for a state court to adjudicate a counterpart criminal charge." *United States v. Pagan-Rodriguez*, 600 F.3d 39, 42 (1st Cir. 2010) (finding a twelve-month delay for a revocation hearing unreasonable without a compelling reason for continued delay but the delay was a harmless error because it did not prejudice the defendant).

### III. LAW & ANALYSIS

Although neither Mr. Coleman nor the Government reference the requirements of Rule 32.1 in their briefing for the Motion for a Hearing, this Court recognizes the overlapping principles of both pending motions and the Rule. This Court thus finds it prudent to consider together the Rule, Mr. Coleman's arguments in his Motion to Dismiss, and his Motion for Hearing. (ECF Nos. 81, 82, 83).

### A. Whether The Delay Is Reasonable

The First and Third Circuits' holdings are relevant and compelling here: a delay in a hearing on a pending petition to revoke a supervised release can be reasonable, as the adjudication of those charges "might be relevant in the revocation proceeding." *Coates*, 2022 WL 2651668, at *3–*4 (quoting *Poellnitz*, 372 F.3d at 562). Mr. Coleman does not address the reasonableness of the delay in his Motion for Hearing (ECF No. 81), and in his Motion to Dismiss Coleman argues the delay is "presumptively unreasonable" because the delay, since the filing of the petition to

5

2:16-cr-00116-ALM Doc #: 85 Filed: 01/02/25 Page: 6 of 10 PAGEID #: 200

revoke Coleman's supervised release, exceeds one year. (ECF No. 83 at 3). Coleman provides no authority for such presumption.

First, this Court has recognized that an individual alleged to have violated supervised release is not held to have lost his liberty until he is taken into custody on the warrant underpinning the alleged supervised release violation. *Coates*, 2022 WL 2651668 at \*3 (citing *Ivy,* 678 Fed. Appx. at 373). In *Coates*, this Court found a seven-month delay in holding the defendant's final supervised release revocation hearing was not unreasonable when considering " the relevance of the adjudication of Defendant's state court charges, as well as their known seriousness and robustness . . . ." *Id*. at \*4. Here, Coleman was taken into custody in connection with the supervised release petition on or about August 30, 2024. (ECF No. 81 at 2; ECF No. 82 at 2). The delay here was about nine weeks at the time of filing the Motion for Hearing, and about fifteen weeks at the time of filing the Motion to Dismiss. (*See* ECF No. 81 at 3). As the Government argued in its response to the Motion to Dismiss, "In truth, Coleman has been in federal custody for exactly four months. This is far less than 'the seven-month delay' in the *Coates* case . . . ." '(ECF No. 84 at 5).

Second, even if this Court considers the delay from the time of the filing of the petition to revoke Mr. Coleman's supervised release, this Court may nonetheless find that the over one-year delay was reasonable under the circumstances. For example, in *Poellnitz*, the Third Circuit found reasonable a two-year delay between the filing of a revocation petition and the occurrence of a revocation hearing in light of the district court "wait[ing] for the adjudication of the state court charges before proceeding with the revocation hearing." *Poellnitz*, 372 F.3d at 571. In its reasoning, the Third Circuit noted that the defendant did not object to the district court's *sua sponte* decisions to reschedule or the government's motions to reschedule which were reasonable due to the importance of specific testimony sought by the government. *Poellnitz*, 372 F.3d at 571. Here,

Mr. Coleman objected to waiting for the resolution of his Franklin County court cases, but the delay is due to the relevance of twenty felony offenses arising from the three indictments referenced in the revocation petition. (ECF No. 71 at 2–4; ECF No. 82 at 1). This Court further notes that delay here has not come close to approaching the nearly two-year delay contemplated and ultimately accepted as reasonable in *Poellnitz*.

Similarly, in *Pagan-Rodriguez*, the First Circuit emphasized the importance of examining the circumstances of a delay for a revocation hearing before finding whether a twelve-month delay was reasonable. *Pagan-Rodriguez*, 600 F.3d at 42–43. In *Pagan-Rodriguez*, the district court scheduled a final revocation hearing for March 16, 2007, which the district court *sua sponte* continued pending the resolution of the local court charges. *Id*. at *41. After the defendant was sentenced to eight years imprisonment by the local court, the district court proceeded with the final revocation hearing on March 14, 2008, revoked the defendant's supervised release, and imposed a thirty-month sentence. *Id*. The defendant appealed his sentencing and asserted the delayed revocation hearing violated his due process rights. *Id*. at *40. The First Circuit explained that a delay may be unreasonable in the "absence of consent or some compelling reason for delay." *Id*. The court further noted that the district court rescheduled the hearing sine die, the defendant did not consent to the delay, and the government did not seek to postpone the hearing. *Id*.  The court found that "[a]t the time of the continuance, there was no date certain for disposition of the charges pending" and "nothing to indicate that witnesses or evidence were unavailable to the district court" so "there was no compelling reason to wait indefinitely for the counterpart criminal cases to run their course." *Id*. at 42.  The circumstances, thus, are significant in determining the reasonableness of a delay.

The circumstances in *Pagan-Rodriguez* illustrate that, despite the relevance of certain pending cases, a delay may be unreasonable; nonetheless, Mr. Coleman's case is distinguishable. Unlike in *Pagan-Rodriguez*, the Government requests this final revocation hearing be continued pending the resolution of the relevant court charges. Additionally, this requested continuance is not entirely indefinite as the Government anticipates a court date set "probably after the first of the year." (ECF No. 82 at 3). The Government further argues that holding Mr. Coleman's final revocation hearing before the resolution of the pending cases in the Franklin County court would cause difficulties for the Government because it would place the Government "in the unenviable position of trying three separate cases, from three separate dates and incidents, involving at least two different police departments – all of which [the Government's] counsel has had no previous involvement." (*Id.*).

Given the relevance of the adjudication of Mr. Coleman's offenses arising from the three indictments, the Government's request, and an anticipated timeline for the Franklin Court cases to be resolved, continuing the final supervised release revocation hearing until the resolution of the indictments is not currently unreasonable.

## B. Whether The Delay Caused Prejudice

If the delay in revocation proceedings was unreasonable, due process concerns "come into play only when the delay has prejudiced the defendant's ability to contest the validity of the revocation." *Ivy,* 678 Fed. Appx. at 374 (quoting *Throneburg*, 87 F.3d at 853).

For example, although the court in *Pagan-Rodriguez* found unreasonable the delay in scheduling the final supervised release revocation hearing, the court also found it was a harmless error because it caused no prejudice to the defendant. *Pagan-Rodriguez*, 600 F.3d at 42–43. The defendant remained in custody for approximately one year before the revocation hearing, pled

guilty to the relevant pending charges in local court, and was later found to be in violation of his supervised release by the district court. (*Id*.). The district court sentenced him to thirty months of prison. (*Id*.). The defendant was ultimately given credit for all the time that he had spent in custody while awaiting the holding of the final revocation hearing and the First Circuit found the defendant served the time that he would in any event have served in connection with the revocation and did not suffer any prejudice. *Pagan-Rodriguez*, 600 F.3d at 42–43.

Coleman has not shown that the current delay, or any continued delay, prejudices his ability to contest the validity of the revocation. Coleman argues in his Motion for Hearing that this Court should not wait until the resolution of the pending cases in the Franklin County court because "'[t]rial dates' are aspirational goals in that system" and his "situation is further complicated by his placement in the Butler County Jail, which is about 100 miles away from Columbus." (ECF No. 81 at 3). In his Motion to Dismiss, Mr. Coleman further argues the delay has prejudiced him by eliminating the opportunities to have: (1) any imposed term served concurrently with the term imposed by the Ohio Adult Parole Authority for a violation of his post-release control supervision; and (2) time spent in local custody under the federal detention order credited against any future state prison term for the unadjudicated state felony charges. (ECF No. 83 at 3).

These concerns raised in the Motion for Hearing and the Motion to Dismiss do not impact Mr. Coleman's ability to contest the validity of the revocation. The Sixth Circuit has also made clear that potentially negative sentencing consequences, such as whether a sentence may be served concurrently, do not create prejudice. *See Ivy*, 678 F. App'x at 374 n.3 ("Defendant contends he was prejudiced because the government's wait cost him 'the opportunity of a concurrent or partially concurrent sentence.' Yet Ivy 'cites no authority for the proposition that a delay that may

affect one's ability to serve sentences concurrently . . . implicates due process . . . .'") (quoting *Throneburg*, 87 F.3d at 853); *see also Coates*, 2022 WL 2651668 at *3.

While this Court does not find the current delay unreasonable or that it caused any prejudice, this Court will not leave Defendant "in limbo indefinitely while waiting for [the] state court to adjudicate" those charges. *See Pagan-Rodriguez*, 600 F.3d at 42. Now that this Court has a date for trial of the Franklin County court cases, January 21, 2025, this Court will schedule Coleman's Final Supervised Release Revocation hearing to ensure an unreasonable and prejudicial delay does not occur. Accordingly, Mr. Coleman's Motion to Dismiss (ECF No. 83) is **DENIED** and his Motion for Hearing (ECF No. 81) is **GRANTED**.

Mr. Coleman's Final Supervised Release Revocation hearing is hereby scheduled for **February 7, 2025, at 11:00 a.m.** To the extent circumstances change, including for a continuance that would not be sine die, parties are invited to update this Court accordingly with the relevant motions.

## IV. CONCLUSION

Pursuant to the foregoing reasons, Defendant's Motion for Hearing (ECF No. 81) is **GRANTED** and his Motion to Dismiss (ECF No. 83) is **DENIED**. Mr. Coleman's Final Supervised Release Revocation hearing is hereby scheduled for **February 7, 2025, at 11:00 a.m.**

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: January 2, 2025**